Upon the trial at Davie on the last circuit, before his Honor, JudgeBailey, the defendant objected that he had not received notice of nonpayment before the suit was brought, but the objection was overruled. He then offered to show that the maker of the notes had, for the purpose of paying them, assigned to the plaintiff, as trustee, property sufficient to satisfy them, and that the plaintiff had sold the property and received the money. This evidence was objected to by the plaintiff and was rejected by the court. The plaintiff had a verdict and the defendant appealed.
The first question raised in this case has been decided (75) by us at the present term in Smith, admr., v. Irwin. We there determined that an endorser of a note is not entitled under the act of 1827, ch. 2 (1 Rev. Stat., ch. 13, sec. 11), to be notified that he is looked to for payment before suit can be brought against him.
Upon the second point the defendant offered to show that the principal debtor in the two notes had placed property in the hands of the plaintiff as trustee, to sell and raise money and pay these two notes, and furthermore that he had sold the property and raised from the sales money sufficient to discharge them. We are unable to see upon what grounds this evidence could be legally rejected. The plaintiff being the holder of the notes and at the same time trustee to sell the property, placed in his hands expressly to discharge the notes, it does seem to us that when he did sell and receive the money it was immediately a payment of the notes. We think the evidence was improperly rejected, and a new trial must be granted.
PER CURIAM. Judgment reversed. *Page 60